UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS**,

    Plaintiff,

v.                                                                                       Civ. No. 09-911 KBM/DJS

**JOSE GRIEGO, ANTHONY SENA,
LORI FRANKLIN**,

    Defendants.

## ORDER DISMISSING COMPLAINT

THIS MATTER comes before the Court on pro se plaintiff Nancy Lewis's Motion to Proceed *in forma pauperis* ("IFP"), filed September 22, 2009, *see* Doc. 3, and on the Court's concomitant obligation "to review the affidavit and screen [her] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Lewis has consented, under 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), to have me conduct all proceedings in this case. *See* Doc. 4. Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

Lewis's financial affidavit shows that: she has no dependents; she has an income of $1343/month; she owns a car; she has an undisclosed amount of money in the bank; and her

1

monthly expenses are only $544/month.  *See* Doc. 3.  Because Lewis's allegation of poverty is untrue, and she has failed to establish that she is unable to pay the filing fees in this case, her case must be dismissed under § 1915(e)(2)(A).

The Court will not grant Lewis an opportunity to pay the filing fees and maintain the suit, however.  In screening the complaint, the Court must further resolve the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure in a § 1983 cause of action.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S. Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (applying *Bell Atlantic Corp. v. Twombly* in a case brought under § 1983).  Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief

may be granted, it must be dismissed.  *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory under § 1915(e)(2)(B)(ii));  *Lewis v. Burger King*,  No. 09-2160, 2009 WL 2837441, *1 (10th Cir. Sept. 4, 2009) (reversing dismissal with prejudice because district court did not first find that allowing an opportunity for amendment would be futile where Lewis failed to state a viable claim for relief, and remanding for entry of an order dismissing the complaint without prejudice under § 1915).

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although Lewis subjectively concludes that her constitutional rights to due process have been violated under 42 U.S.C. § 1983, her Complaint states no facts indicating that any of the Defendants intentionally violated her constitutional rights.  *See Woodward v. City of Worland*, 977 F.2d 1392, 1399 & n. 11 (10th Cir. 1992).

Lewis complains only that Defendant Lori Franklin informed her that she "would not have a class teaching assignment for the summer term" at Northern New Mexico College ("NNMC"); that Defendant Anthony Sena sent to her "a memo inviting her to attend an Aug. 22 orientation at which she would be given her letters of appointment for the Fall term" at NNMC; that she relied on Sena's letter and "stopped seeking an editorial position at a newspaper on the East Coast;" but that she did not receive a letter of appointment at the orientation; and that NNMC employees "disavowed any knowledge of how Sena had been erroneously notified that Plaintiff would have a teaching assignment for the Fall term."  Doc. 1 at 2.  Lewis's Complaint fails to state a claim for violation of a constitutional right against any of the Defendants under § 1983 and must be dismissed.

3

**NOW, THEREFORE, IT IS ORDERED** that Lewis's motion to proceed IFP [Doc. 3] is DENIED, and that Lewis's Complaint is DISMISSED without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE